**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL D. BYARS, ) | |
| ) | |
| Plaintiff, ) | 3:14-cv-00075-RCJ-WGC |
| ) | |
| vs. ) | |
| ) | **REPORT & RECOMMENDATION** |
| **)** | **OF U.S. MAGISTRATE JUDGE** |
| WILLIAM MURWIN, et. al. , ) | |
| ) | |
| Defendants. ) | |
| ) | |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is Plaintiff's pro se complaint (Doc. # 1-1)[1], which the court has screened pursuant to 28 U.S.C. § 1915A(a). The court issues this report and recommendation that some claims against certain defendants be allowed to proceed, that others be dismissed with leave to amend, and yet others be dismissed without leave to amend.

///

///

---

[1] Refers to court's docket number.

## I. BACKGROUND

Plaintiff, who is a prisoner in the Nevada Department of Corrections, originally filed this matter in the Tenth Judicial District Court of the State of Nevada, County of Churchill, alleging the violation of his rights under the Fourth and Fourteenth Amendments of the United States Constitution and the Nevada Constitution, as well as a State law claim for assault. (Doc. # 1-1.) Defendants have removed the action to federal court. Plaintiff is a prisoner; therefore, the court is required to screen his complaint. 28 U.S.C. § 1915A(a).

Defendants have filed a Motion for Stay Pending Screening. (Doc. # 7.)[2] The court has issued a separate order granting Defendants' request and staying this matter pending a ruling on this Report and Recommendation by United States District Judge Robert C. Jones.

## II. SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

"A dismissal under Federal Rule of Civil Procedure 12(b)(6) is essentially a ruling on a question of law." *North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983)

---

[2]This motion is only brought by defendants Matheson, Murwin, and Zolyniak. Defendant Matheson concedes he was properly served with the summons and complaint. Defendants Murwin and Zolyniak indicate they are appearing for the limited purpose of obtaining a temporary stay of deadlines as the do not concede the propriety of service on them. (Doc. # 7 at 2.)

2

(citation omitted). Under Federal Rule of Civil Procedure 8(a), "a claim for relief must contain...a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Supreme Court has found that at a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The complaint need not contain detailed factual allegations, but it must contain more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citation omitted); *Iqbal*, 556 U.S. at 678. The Rule 8(a) notice pleading standard requires the plaintiff to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "Plausibility" is "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citation omitted). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). Allegations can be deemed "implausible" if there are "obvious alternative explanation[s]" for the facts alleged. *Id*. at 682.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations." *Id*. at 679.

Allegations in pro se complaints, "'however inartfully pleaded' are held 'to less stringent

1 standards than formal pleadings drafted by lawyers[,]'" and must be liberally construed. *Hughes v.*
2 *Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*)); *see*
3 *also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). A district court should
4 not dismiss a pro se complaint without leave to amend unless "it is absolutely clear that the
5 deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d
6 1202, 1203-04 (9th Cir. 1988) (per curiam) (internal quotation marks omitted).

7 "[W]e have an obligation where the petitioner is pro se, particularly in civil rights cases, to
8 construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v.*
9 *Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc). "[B]efore dismissing a pro se
10 complaint the district court must provide the litigant with notice of the deficiencies in his complaint
11 in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik v. Bonzelet*,
12 963 F.2d 1258, 1261 (9th Cir. 1992) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir.
13 1987), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122 (9th Cir.
14 2000) (en banc)). A district court should not dismiss a pro se complaint without leave to amend
15 unless "it is absolutely clear that the deficiencies of the complaint could not be cured by
16 amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) (internal
17 quotation marks omitted).

18 **III. SCREENING OF THE COMPLAINT**

19 Plaintiff, who is incarcerated at High Desert State Prison (HDSP), brings this action against
20 William Murwin (Nevada Highway Patrol officer); Michael Matheson (Nevada Highway Patrol
21 officer); Michael Zolyniak (Nevada Highway Patrol officer); Nevada Department of Public Safety;
22 State of Nevada; Ze Lima (Churchill County Sheriff's Office deputy); Ronnie Bell (Churchill County
23 Sheriff's Office deputy); Churchill County Sheriff's Office; Vanessa Hammond (medical
24 technologist at Banner Churchill Community Hospital); Banner Churchill Community Hospital.
25 (Doc. # 1-1 at 2-6.)
26 Plaintiff's complaint includes various counts, each of which relates to the taking of his blood

without a warrant after a traffic stop where the officer suspected Plaintiff was driving under the influence of marijuana.

### A. Count 1

Plaintiff claims that his right to be free from illegal search and seizure under the Fourth Amendment of the United States Constitution and Article I, Section 2 of the Nevada Constitution was violated when Defendants seized his blood without a warrant. (Doc. # 1-1 at 6.) Plaintiff contends that he was driving on U.S. 50 in Churchill County on the night of January 3, 2012, when he was stopped for a supposed traffic violation. (*Id*. at 7.) Defendant Murwin made contact with Plaintiff and stated he smelled the odor of marijuana coming from Plaintiff's vehicle, and asked Plaintiff to exit the vehicle. (*Id*.) Plaintiff complied and defendant Murwin conducted a field sobriety test and placed Plaintiff in restraints for driving while intoxicated. (*Id*.) He then placed Plaintiff in the patrol vehicle and transported Plaintiff to Banner Churchill Community Hospital to have Plaintiff's blood drawn. (*Id*.) Plaintiff informed defendant Murwin that he did not consent to having his blood drawn, and defendant Murwin summoned defendants Matheson, Zolyniak, Bell and Lima to assist in restraining Plaintiff so his blood could be drawn. (*Id*.) Plaintiff told defendant Murwin a second time that he did not consent to the blood draw, and defendant Murwin held Plaintiff's left arm while defendant Matheson held his right arm and defendants Lima and Bell held Plaintiff's feet while defendant Hammond pierced completed the blood draw. (*Id*.) Plaintiff maintains there was no warrant to secure blood evidence. (*Id*. at 8.)

The Fourth Amendment provides in pertinent part, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." U.S. Const., amend IV. "A warrantless search of the person is reasonable only if it falls within a recognized exception." *Missouri v. McNeely*, 133 S.Ct. 1552, 1558 (2013) (citation omitted). "That principle applies to the type of search at issue in this case, which involved a compelled physical intrusion beneath [Plaintiff's] skin and into his veins to obtain a sample of his blood for use as evidence in a criminal

1  investigation." *Id*. "Such an invasion of bodily integrity implicates an individual's 'most personal
2  and deep-rooted expectations of privacy.'" *Id*. (quoting *Winston v. Lee*, 470 U.S. 753, 760 (1985)).

3      Absent an emergency, search warrants are required for intrusions into the human body, even
4  when conducted after a lawful arrest. *Id*. (citation omitted). The warrant requirement, however, is
5  subject to various exceptions, and in this scenario, the applicable warrant exception is: "'when the
6  exigencies of the situation make the needs of law enforcement so compelling that a warrantless
7  search is objectively reasonable under the Fourth Amendment.'" *Id*. (quoting *Kentucky v. King*, 131
8  S.Ct. 1849, 1856 (2011). The Supreme Court has recognized, among other exigent circumstances,
9  that in some cases, "law enforcement officers may conduct a search without a warrant to prevent the
10 imminent destruction of evidence." *Id*. (citations omitted).

11     Thus, "Before a law enforcement officer may lawfully take a blood sample without consent
12 or a warrant, he or she must have probable cause to believe that the suspect has committed an
13 offense of which the current state of one's blood will constitute evidence." *U.S. v. Chapel*, 55 F.3d
14 1416, 1419 (9th Cir. 1995) (citing *Schmerber v. California*, 384 U.S. 757, 770 (1966)). In addition to
15 having probable cause to take the blood sample, the Supreme Court has held that, "[t]he officer
16 must...reasonably believe that an emergency exists in which the delay necessary to obtain a warrant
17 would threaten the loss or destruction of evidence" and "[t]he procedures used to extract the sample
18 must still be reasonable and in accordance with accepted medical practices." *Id*. (citing *Schmerber*,
19 384 U.S. at 770-72).

20     The Supreme Court has held that the withdrawal of blood by a physician in a hospital
21 environment to be reasonable. *Schmerber*, 384 U.S. at 770-71. However, the Court limited its
22 holding to the facts of that case. *Id.* Plaintiff's complaint, liberally construed, appears to assert that
23 the manner in which his blood was taken, where he was subdued by at least four persons and a
24 needle was forced into his arm, was not reasonable.

25     Regarding the exigency requirement, the Supreme Court recently rejected a per se conclusion
26 that exigent circumstances are created by the natural dissipation of alcohol from the blood stream in

6

1 DUI cases to justify taking blood without a warrant. *Missouri v. McNeely*, 133 S.Ct. 1552 (2013).
2 The court's rejection of the per se rule in the alcohol context would logically apply to this case,
3 involving marijuana. Instead, the Supreme Court held that "exigency in this context must be
4 determined case by case based on the totality of the circumstances." *Id*. at 1556. "In
5 those...investigations where police officers can reasonably obtain a warrant before a blood sample
6 can be drawn without significantly undermining the efficacy of the search, the Fourth Amendment
7 mandates that they do so." *Id*. at 1561 (citing *McDonald v. United States*, 335 U.S. 451, 456 (1948)).

8     Accordingly, the court cannot conclude that Plaintiff does not state a claim based on the mere
9 inference that his blood was taken under exigent circumstances because of the natural dissipation of
10 the marijuana from his blood stream. Rather, an inquiry must be made, looking at the totality of the
11 circumstances, to determine whether exigent circumstances existed so that the blood draw without a
12 warrant was permissible and whether the blood draw was performed in a reasonable manner. *See*
13 *McNeely*, 133 S.Ct. at 1157-58.

14     Thus, Plaintiff presents a colorable claim under the Fourth Amendment of the United States
15 Constitution. Plaintiff's claim under Nevada's counterpart should also proceed as the court may
16 exercise supplemental jurisdiction over this claim under 28 U.S.C. § 1367. It should be noted that
17 these claims should not proceed against defendants Vanessa Hammond (medical technologist at
18 Banner Churchill Community Hospital) and Banner Churchill Community Hospital as they are not
19 state actors. *See Wood v. Ostrader*, 879 F.2d 583, 587 (9th Cir. 1989).

20     In addition, as the court states below, these claims should not currently proceed against the
21 Churchill County Sheriff's Office as Plaintiff has not alleged a policy, custom, or practice upon
22 which liability of the municipal organization can be predicated; however, this defendant should be
23 dismissed with leave to amend.

24     **B. Count 2**

25     Plaintiff alleges his right to due process under the Fourteenth Amendment of the United
26 States Constitution and the Nevada Constitution were violated when Defendants took Plaintiff's

blood without a warrant. (Doc. # 1-1 at 8.)

This claim is entirely duplicative of Count 1. While Plaintiff references the Fourteenth Amendment's Due Process Clause, and the Nevada Constitution counterpart, the claim is really focused on the taking of his blood, which sounds in the Fourth Amendment and the Nevada Constitution counterpart. "Where a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of governmental behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing [a plaintiff's] claims.'" *Albright v. Oliver*, 510 U.S. 266, 273-74 (1994), Rehnquist, C.J., for plurality (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)).

Accordingly, Count 2 should be dismissed with prejudice.

**C. Count 3**

Plaintiff claims his "right to be free from assault" as well as his due process rights under the United States Constitution and Nevada Constitution were violated as a result of the seizure of his blood. (Doc. # 1-1 at 9.) In this claim, Plaintiff recounts how the Defendants restrained him so that his blood could be drawn. (*Id.*)

To the extent Plaintiff repeats his allegations that his rights under the Fourth Amendment to the United States Constitution and Nevada's counterpart were violated as a result of his blood being drawn, these claims are duplicative of Count 1. To the extent he references a due process violation, this is duplicative of Count 2, which the court has recommended be dismissed with prejudice. Plaintiff does however state a colorable State tort claim for assault and should be permitted to proceed against defendants Murwin, Matheson, Zolyniak, Bell, Lima, Hammond, and Banner Churchill Community Hospital, under the court's supplemental jurisdiction. Any immunity that could be claimed by the individual officers is not readily apparent from the face of the complaint; therefore, defendants may address such a defense by way of the appropriate motion.

The Churchill County Sheriff's Office should be dismissed from Count 3 as it appears the claim against the sheriff is predicated on respondeat superior and in Nevada, "[n]o action may be

brought against: (a) A sheriff...which is based solely upon any act or omission of a deputy[.]" Nev. Rev. Stat. 41.0335(1)(a); *see also Schulz v. Lamb*, 504 F.2d 1009, 1011 (9th Cir. 1974) (finding that "[t]he action against the sheriff was also correctly dismissed because Nevada law relieves a sheriff of vicarious liability based on an act or omission of one of his deputies.").

### D. *Heck*

The moving defendants intimate that this action should be dismissed because it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* holds that "when a state prisoner seeks damages in a 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487.

The court cannot discern from the face of the complaint whether or not Plaintiff's action is *Heck*-barred as there is no information regarding Plaintiff's charge, conviction (if any), sentence (if any), or even whether Plaintiff's current incarceration is related to the incident described in his complaint. Accordingly, dismissal on the grounds that the complaint is *Heck*-barred is not appropriate. Should Defendants provide evidence that Plaintiff was convicted of the offense as a result of the incident which is the subject of his complaint and a finding in favor of Plaintiff in this case would necessarily imply the invalidity of his conviction or sentence, it may very well be that the matter will be barred by *Heck*, but that information is not contained within the complaint and the court's screening analysis is confined to the allegations contained within the complaint.

### E. State of Nevada, Nevada Department of Public Safety and Official Capacity Damages Claims

States are not persons for purposes of section 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997).Moreover, Eleventh Amendment immunity bars section 1983 actions for damages against state agencies, as well as those where the state itself is named as a defendant, and where state officials are sued in their official capacity. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Accordingly, the State of Nevada and Nevada Department of Public Safety should be dismissed. In addition, any claim for damages against the remaining defendants in their official capacities should be dismissed.

**F. Churchill County Sheriff's Office**

A plaintiff may assert a claim under 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State...causes...any citizen of the United States...the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. As such, a plaintiff bringing an action under section 1983 can seek relief against persons acting under color of state law. *Id.*; *Wood v. Ostrader*, 879 F.2d 583, 587 (9th Cir. 1989). "[M]unicipalities and other local government units...[are] among those persons to whom § 1983 applies." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Counties are also persons for purposes of section 1983. *See Miranda v. Clark County, Nev.*, 319 F.3d 465, 469 (9th Cir. 2003) (en banc). However, courts have held that municipal departments are not "persons" for purposes of section 1983. *See, e.g., Nelson v. County of Sacramento*, 926 F.Supp.2d 1159, 1170 (E.D. Cal. Feb. 26, 2013) (concluding sheriff's department was not proper defendant for purposes of section 1983) (citing *Vance v. County of Santa Clara*, 928 F.Supp. 993, 995-96 (N.D. Cal. 1996)). State law determines the capacity of a party to be sued. Fed. R. Civ. P. 17(b). A review of Chapter 41 of the Nevada Revised Statutes appears to indicate that a county sheriff's office is not a political subdivision of the State, and therefore, may not be sued.

Plaintiff may seek to bring suit against Churchill County; however, in order to do so, Plaintiff must allege that the constitutional deprivations he claims to have suffered occurred as a result of an official policy or custom. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).

The Churchill County Sheriff's Office should be dismissed with prejudice. Plaintiff should, however, be given leave to amend to bring claim(s) against Churchill County under the pleading requirements noted above.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the United States District Judge enter an order that:

(1) The Clerk shall **FILE** Plaintiff's Complaint (Doc. # 1-1);

(2) Plaintiff be permitted to **PROCEED** with his claims in Count 1 under the Fourth Amendment of the United States Constitution and the Nevada Constitution counterpart against defendants Murwin, Matheson, Zolyniak, Lima, and Bell;

(3) That defendants Hammond and Banner Churchill Community Hospital be **DISMISSED WITH PREJUDICE** from Count 1;

(4) That defendant Churchill County Sheriff's Office be **DISMISSED WITH PREJUDICE** from Count 1; however, Plaintiff should be given **LEAVE TO AMEND** to assert a claim against Churchill County in conformity with the requirements stated above;

(5) That Count 2 be **DISMISSED WITH PREJUDICE**;

(6) That Plaintiff be permitted to **PROCEED** with a State law claim for assault in Count 3 *only* against defendants Murwin, Matheson, Zolyniak, Bell, Lima, Hammond, and Banner Churchill Community Hospital, but that defendant Churchill County Sheriff's Office de **DISMISSED WITH PREJUDICE** from Count 3.

(7) That the Clerk **SEND** to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (Doc. # 1-1) so that Plaintiff, if he so chooses, may correct the deficiencies noted with respect to defendant Churchill County Sheriff's Office. If Plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption. Plaintiff should also be advised that if he fails to file an amended complaint, the complaint will proceed as permitted in the final screening order adopted by the United States District Judge.

The parties should be aware of the following:

1.   That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules

of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

**Dated this 18th day of February, 2014.**

_____
**WILLIAM G. COBB**
**UNITED STATES MAGISTRATE JUDGE**