**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| MICHAEL D. BYARS,             ) ) | |
|       Plaintiff,      ) ) | Case No.: 3:14-cv-00075-RCJ-WGC |
|   vs.              ) ) | |
| WILLIAM MURWIN et al.,      ) ) | **ORDER** |
|       Defendants.      ) ) | |

Plaintiff was convicted in state court for driving under the influence of alcohol. His conviction is on appeal to the Nevada Supreme Court. In the meantime, he sued several Defendants in state court for assault and for violation of his rights to due process and against unreasonable search and seizure based upon a search of his person and seizure of his blood. Defendants removed and have moved to dismiss under *Heck v. Humphrey*. Plaintiff has not timely responded to the motion to dismiss, which constitutes consent to its grant. *See* Local R. 7-2(d). Plaintiff has asked the Court to stay the case until the Nevada Supreme Court decides his appeal, concerned that the statute of limitations on his putative § 1983 action may run before that Court rules.

An attack against an underlying criminal conviction is not cognizable under § 1983 unless a plaintiff "prove[s] that the conviction or sentence has been reversed on direct appeal,

1  expunged by executive order, declared invalid by a state tribunal authorized to make such

2  determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28

3  U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).  But the statute of limitations

4  begins to run as soon as an alleged constitutional tort occurs and a putative plaintiff knows or

5  should know about it, even if barred by *Heck. See, e.g.*, *Cabrera v. City of Huntington Park*, 159

6  F.3d 374, 380–81 & n.7 (9th Cir. 1998).  Tolling does not apply to a *Heck*-barred claim during

7  appeal, because the claim has simply not arisen until the criminal matter terminates in a criminal

8  defendant's favor, i.e., there is no claim to toll. *See Heck*, 512 U.S. at 489–90.  For the same

9  reason, the Court must grant the motion to dismiss (without prejudice, because there is as of yet

10  no claim to adjudicate) and deny the motions to stay, because it is clear that no claim has

11  accrued.

## CONCLUSION

13      IT IS HEREBY ORDERED that the Motions to Stay (ECF Nos. 9, 18) are DENIED.

14      IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 16) is GRANTED.

15      IT IS FURTHER ORDERED that the Clerk shall close the case.

16      IT IS SO ORDERED.

17   Dated this 16th day of June, 2014.

19                                   ROBERT C. JONES
                                   United States District Judge